In re LUIS ELECTRICAL CONTRACT-
ING CORP., Debtor.

C. Steven HACKLING, Trustee of the
Estate of Luis Electrical Contracting
Corp., Plaintiff,

v.

Gary KAHN and Gary Kahn &
Company, Defendants.

GARY KAHN & COMPANY,
Third-party Plaintiffs,

v.

BARD & GLASSMAN and Borek
Stockel & Company, Third-party
Defendants.

No. 89 C 501.

United States District Court,
E.D. New York.

May 18, 1989.

Levine, Weinberg, Kaley, Pergament,
P.C. (Marc A. Pergament, of counsel), Gar-
den City, N.Y., for plaintiff.

Kroll & Tract (John Haley, of counsel),
New York City, for defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff, trustee for a debtor in bank-
ruptcy, brought an action against defen-
dants, debtor's accountants, in United
States Bankruptcy Court for the Eastern
District of New York. The complaint alleg-
es negligence and malpractice. Defendant
moves for an order withdrawing reference
from the bankruptcy court.

In March 1988 debtor filed under Chap-
ter 7 of the Bankruptcy Code, 11 U.S.C.
§ 701 *et seq.* In August 1988 plaintiff, as
trustee, filed the complaint. It alleges that
defendant Gary Kahn, a certified public
accountant, and defendant Gary Kahn &
Company, a professional accounting corpo-
ration, performed accounting services for
debtor "negligently, carelessly, and with-
out the exercise of reasonable skill as ex-
pert and independent certified account-
ants." Defendants' derelictions allegedly
permitted three nonparties, Irwin Schiff,
Domenico Rabuffo, and Louis Rosally, to
embezzle over $25 million from debtor.

Defendants' answer demanded a jury tri-
al as to all issues. They later filed a third-
party complaint not now before the court.

Defendants urge this court to withdraw
the action from the bankruptcy court be-
cause under 28 U.S.C. § 157 it is a "non-
core" proceeding in which they have assert-
ed their constitutional right to a jury trial.
Neither plaintiff nor third-party defendants
oppose the motion.

Defendants rely on the Bankruptcy
Amendments and Federal Judgeship Act of
1984 (the Act), enacted to remedy the con-
stitutional infirmities found in the Bank-
ruptcy Act of 1978 by the Supreme Court
in *Northern Pipeline Constr. Co. v. Mara-
thon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct.
2858, 73 L.Ed.2d 598 (1982). *See* U.S.Code

Cong. & Admin.News 576, 590, 602–06 (June 24, 1984) (remarks of Sen. Hatch). The Act distinguishes between "core proceedings," which a bankruptcy judge may decide, subject to appeal under 28 U.S.C. § 158, and "related" or "non-core proceedings," which an Article III court must decide unless the parties consent to final determination by a bankruptcy judge.

Under the Act, the district courts have "original and exclusive jurisdiction of all cases under title 11 [of the United States Code]," 28 U.S.C. § 1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts may, however, refer all such matters to the bankruptcy judges for the district. 28 U.S. C. § 157(a). On July 12, 1984, then Chief Judge Weinstein made a blanket reference of all bankruptcy matters to the bankruptcy court.

After reference by the district court, bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Section 157(b)(2) gives a non-exclusive list of "core proceedings." None of the actions listed in that subsection describes this case.

Bankruptcy judges may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," but in such proceedings the bankruptcy judge's role is merely advisory. The bankruptcy judge submits proposed findings of fact and conclusions of law to the district court, which the district court reviews *de novo* upon objection by any party. 28 U.S.C. § 157(c)(1). The bankruptcy judge may make final determinations if all parties consent, 28 U.S.C. § 157(c)(2), but in this case defendants have not consented.

The district court may withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court "for cause shown." 28 U.S.C. § 157(d).

The Act does not define "non-core proceedings." Its goal, however, is to bring the Bankruptcy Act in compliance with the constitutional standards articulated in the *Northern Pipeline* case. In that case, the Supreme Court distinguished between cases arising under title 11, which an Article I bankruptcy court may try, and cases arising under state law, which must be tried, if there is federal jurisdiction, by an Article III court. 458 U.S. at 84, 102 S.Ct. at 2878. "Non-core proceedings" therefore include "claims arising under state law which must be determined by state law." *In re Lion Capital Group*, 48 B.R. 329, 331 (S.D.N.Y.1985). "They are 'those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court.'" *Interconnect Tel. Servs. v. Farren*, 59 B.R. 397, 400 (S.D.N.Y.1986) (quoting *In re Colorado Energy Supply*, 728 F.2d 1283, 1286 (10th Cir.1984)).

This action, based entirely on state law, is a non-core proceeding. It could have been brought in state court if debtor had not petitioned in bankruptcy, and the liquidation of debtor will occur regardless of the outcome of the action. "It involves a right created by state law, independent of and antecedent to the petition," and is therefore "precisely the sort of case which the Supreme Court in *Marathon* held must be decided by an article III court." *Id.* at 400.

The nature of the proceeding—whether core or non-core—is but one element of "cause" for withdrawal of reference under § 157(d). Also important is whether withdrawal would promote judicial economy. *See, e.g., Acolyte Elec. Corp. v. New York*, 69 B.R. 155, 166 (Bankr.E.D.N.Y.1986).

Where defendants have a right to a trial by jury, withdrawal of reference promotes judicial economy. A jury verdict in the bankruptcy court would be merely a recommendation to the district court to enter final judgment on the verdict. *See* 28 U.S. C. § 157(c)(2). If either party objected, the district court might well have to retry the

case before a new jury, wasting scarce judicial resources. *Interconnect Tel. Servs., supra,* 59 B.R. at 399–400.

Defendants say they are entitled to a jury trial under the Seventh Amendment. The Supreme Court's criteria for evaluating such claims are: (1) Were the issues traditionally tried in an action at law prior to the merger of law and equity? (2) Do the parties seek a "legal" rather than an equitable remedy? (3) Is the issue within the "practical abilities and limitations" of juries? *Ross v. Bernhard,* 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed. 2d 729 (1970). In short, does the action involve "rights and remedies of the sort traditionally enforced in an action at law, rather than in an action in equity or admiralty"? *Pernell v. Southall Realty,* 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed. 2d 198 (1974).

This case involves legal rights and remedies. Negligence and malpractice are common law causes of action customarily tried by a jury. Plaintiff seeks $10 million in damages, a legal remedy. Juries in state and federal courts decide similar cases routinely. Defendants therefore have a constitutional right to a jury trial.

Withdrawal of this action from the bankruptcy court is warranted.

Defendants' motion is granted. So ordered.