■ DREYER AND TRAUB, Respondent, v KENNETH RUBINSTEIN et al., Appellants, et al., Counterclaim Defendants. [594 NYS2d 257] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered June 12, 1992, which granted a motion by plaintiff for summary judgment on its claim on an account stated except for one specified bill, the claim for which was severed and continued, dismissed defendants' affirmative defenses, counterclaims and cross-claims, and directed entry of judgment, unanimously modified, on the law, to exclude liability for two invoices dated January 25, 1989 and June 5, 1989, severing and continuing the action as to them, and is otherwise affirmed, without costs.

Judgment, same court and Justice, entered June 12, 1992, pursuant to the above referenced order, awarding plaintiff a total amount of $332,703.94 against defendants jointly and severally, unanimously vacated, and the matter remanded for resettlement of a judgment consistent with this Court's decision.

An action based on an account stated may exist where the defendant has received a statement of account from the law firm without objecting to it within a reasonable time *(see,*

*Marchi Jaffe Cohen Crystal Rosner & Katz v All-Star Video Corp.,* 107 AD2d 597, 599). The reasonableness of delay in objecting usually presents an issue of fact *(see, Bowne of N. Y. v International 800 Telecom Corp.,* 178 AD2d 138, 139).

Summary judgment was proper as to the March 8, 1991 and March 6, 1991 invoices. There is no allegation that defendants objected to these bills, and no proof that defendants had retained other counsel during the periods covered by these bills.

As to the remaining invoices, there is some evidence that there was an objection by the defendants or that other counsel had been retained during the periods covered. Thus there is a question of fact as to them *(see, Henderson v City of New York,* 178 AD2d 129, 130).

The affirmative defenses and counterclaims are barred by a general release executed by defendants in favor of plaintiff and the additional counterclaim defendants. There is no ground asserted but duress, and no evidence of duress other than immaterial evidence that defendants felt economically constrained to accept the terms of the agreement *(see, Muller Constr. Co. v New York Tel. Co.,* 50 AD2d 580, 581, *affd* 40 NY2d 955).

We have considered the remaining arguments, and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross and Kassal, JJ.