In re AMERICAN BUSINESS SUPPLY, INC., Debtor.

AMERICAN BUSINESS SUPPLY, INC., Plaintiff,

v.

Caroline REYNOLDS and Barbara Lowry, Defendants.

Bankruptcy No. 95–20647. Adv. No. 95–6069.

United States Bankruptcy Court, D. Kansas.

May 18, 1995.

Ronald S. Weiss and Samuel S. Ory of Berman, Deleve, Kuchan & Chapman, L.C., Kansas City, MO, for debtor/plaintiff.

Dwight D. Sutherland, Jr. of Gage and Tucker, Kansas City, MO, and Carl R. Clark and John J. Cruciani of Lentz & Clark, P.A., Overland Park, KS, for defendants.

*PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN NON–CORE PROCEEDING* [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

American Business Supply, Inc., the Chapter 11 debtor, distributes office supplies, computer supplies, copier supplies, and storage racking.[2] Steven Tyrrel is its president, sole shareholder, and responsible party for the debtor-in-possession.

Barbara Lowry and Caroline Reynolds (hereinafter "Lowry," "Reynolds", or collectively, "defendants") entered into, for our purposes, identical employment agreements with American Business Supply, Inc. (hereinafter "plaintiff" or "debtor"), on June 1, 1988, and December 5, 1988, respectively. Each was to be employed as a sales representative.

The agreements contained the following non-compete and liquidated damages language:

> In the event of termination of this Agreement by either party, the Employee agrees that she shall not either directly or indirectly, for a period of two (2) years after such termination, perform any services for any person, firm or corporation that competes with Employer or that provides services or merchandise to customers of Employer. This covenant shall apply to the counties of Jackson, Cass, Platte, and Clay in Missouri and Johnson, Wyandotte, Shawnee, and Sedgwick in Kansas.

1. Debtor/plaintiff appears by its attorneys, Ronald S. Weiss and Samuel S. Ory of Berman, DeLeve, Kuchan & Chapman, L.C., Kansas City, Missouri. Defendants appear by their attorneys, Dwight D. Sutherland, Jr., of Gage and Tucker, Kansas City, Missouri, and Carl R. Clark and John J. Cruciani of Lentz & Clark, P.A., Overland Park, Kansas.

2. Transcript of proceedings held May 5, 1995, at 45.

5. In the event the Employee violates the terms of any part of this Agreement, the Employer, in addition to the other remedies available to it under the law, shall have the right to apply to any court of competent jurisdiction for an injunction restraining the Employee from further violation. The Employee further agrees that she will pay on demand to the Employer as liquidated damages for any violation of this Agreement a sum equivalent to one times the amount billed by the Employer in the preceding twenty-four (24) months to the customer or customers for whom any work was done or sales made in violation of Paragraph 4 herein.[3]

Prior to debtor's filing of its Chapter 11 petition on April 5, 1995, and continuing thereafter, it experienced significant problems with cash flow, was unable to fill purchase orders, and experienced a significant loss of staff.[4]

Barbara Lowry and Caroline Reynolds voluntarily terminated their employment with the debtor on April 25, 1995, and April 28, 1995, respectively.[5]

Each of the defendants began employment with Media Recovery, Inc., in Jackson County, Missouri[6] on or about May 1, 1995.[7] Media Recovery, Inc., is a competitor of American Business Supply, selling some of the same products that debtor sells. Some of Media Recovery, Inc.'s customers are located within the Kansas and Missouri counties that are the subject of the non-compete provision in the employment agreement.[8]

Since Lowry and Reynolds have been employed by Media Recovery, Inc., they have each had several contacts with customers of American Business Supply, Inc. In these contacts, both defendants let debtor's customers know where they were employed and how to find them. Both deny advising the customers to cancel their contracts with debtor or encouraging them in any way, but both acknowledge initially contacting these customers to inform them of the job changes.[9]

Plaintiff filed an adversary Complaint for Damages and Injunctive Relief on May 5, 1995, seeking an order permanently enjoining Barbara Lowry and Caroline Reynolds from violating the non-compete provisions of their employment agreements and for related damages. As required by Fed.R.Bankr.P. 7008(a), the Complaint alleged that the adversary proceeding was "core" as that term is used in 28 U.S.C. § 157(b).

Since under Fed.R.Bankr.P. 7012(a) no answer is due for 30 days after issuance of the adversary summons, and since that time period has not yet expired, neither defendant has answered the Complaint. Consequently, neither defendant has admitted or denied that the proceeding is core nor have they consented to entry of a final judgment by the bankruptcy judge as required by Fed. R.Bankr.P. 7012(b).

With its Complaint on May 5, 1995, plaintiff also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction against the defendants.

Although this Chapter 11 case was filed in Kansas City, Kansas, and thus assigned to me, when the Complaint was filed, I was out of the state and unavailable to hear the emergency motion. Therefore, the Honorable Julie A. Robinson heard the emergency motion on May 5, 1995, in Topeka, Kansas. After hearing the testimony of Steven Tyrrel, Barbara Lowry, and Caroline Reynolds, Judge Robinson granted the request for temporary restraining order but limited it to 10 days, until May 15, 1995. The order en-

---

3. Plaintiff's Exhibits "A" and "B" admitted at hearing of May 5, 1995, at 1–2.

4. Transcript of proceedings held May 5, 1995, at 47.

5. Transcript of proceedings held May 5, 1995, at 45.

6. Complaint for Damages and Injunctive Relief filed May 5, 1995, at 3.

7. Transcript of proceedings held May 5, 1995, at 45.

8. Transcript of proceedings held May 5, 1995, at 46.

9. Transcript of proceedings held May 5, 1995, at 46.

joined the defendants from performing any services that competed with those provided by the plaintiff within the geographical area specified in the employment agreements. Judge Robinson found that Lowry and Reynolds violated the non-compete provision of the employment agreements by going to work for Media Recovery, Inc., within a matter of approximately 10 days after leaving the employ of debtor.[10]

Judge Robinson's findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 were spread upon the record in open court. A short journal entry embodying the restraining order was filed May 5, 1995, stating that the order was effective without the plaintiff giving security as authorized in Fed. R.Bankr.P. 7065. Also, the journal entry stated that the proceeding would be set before me in Kansas City, Kansas, within 10 days for further proceedings.

On May 9, 1995, defendants filed a Motion for Order Compelling Attendance of Steven Tyrrel at Deposition and Further Compelling Steven Tyrrel to Produce Documents at Deposition. The plaintiff objected to the motion to compel and document request on May 10, 1995.

Following the May 5, 1995, hearing before Judge Robinson, a transcript of the witnesses' testimony and the judge's findings of fact and conclusions of law announced on the record in open court was prepared and delivered to me for review before the hearing scheduled before me within 10 days.

On May 15, 1995, within the 10–day period set out in Judge Robinson's order, the parties brought the Emergency Motion for Temporary Restraining Order and Preliminary Injunction and the motion to compel production before me in Kansas City, Kansas. Prior to beginning this hearing, I read the transcript of the May 5, 1995, hearing before Judge Robinson.

At the May 15, 1995, hearing, I denied defendants' motion to compel production as not relevant to the Complaint.

Next, although the defendants had not yet filed an answer contesting the Complaint's core allegations or otherwise challenging the

Court's jurisdiction over the proceedings, I inquired of counsel concerning jurisdiction to satisfy the directive of 28 U.S.C. § 157(b)(3), to wit, "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."

■ After hearing the statements of counsel that are set out in the May 15, 1995, hearing transcript, I found *sua sponte* that the Complaint and the Emergency Motion for Temporary Restraining Order and Permanent Injunction presented state law contract questions involving private rights that did not fall within any of the core proceeding categories of 28 U.S.C. § 157(b). *See* Alec P. Ostrow, *Constitutionality of Core Jurisdiction*, 68 Am.Bankr.L.J. 91 (1994). Rather, the proceeding constituted a non-core "related to" proceeding over which the bankruptcy court had no jurisdiction to enter a final order appealable under 28 U.S.C. § 158, unless both parties to the proceeding consent to such jurisdiction. The Court's duties in this regard are set out as follows in 28 U.S.C. § 157(c):

§ 157. Procedures

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and

---

**10.** Transcript of proceedings held May 5, 1995, at 47.

judgments, subject to review under section 158 of this title.

■ Involved in the determination of whether this is a "related to" or "core" proceeding is the question of whether, by appearing before Judge Robinson and offering testimony, the defendants had implicitly consented to the jurisdiction of the bankruptcy court to enter a final order under 28 U.S.C. § 157(c)(2). I ruled that consent under § 157(c)(2) of Title 28 must be express rather than implied. *See* 2 William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d § 4.40 (1994), on the topic on consent jurisdiction.

■ Finally, I held that although the Complaint does not address a core proceeding, it does involve a proceeding that has an effect on the Chapter 11 debtor's estate;[11] therefore, the proceeding is sufficiently "related to" the bankruptcy case to require the Court to comply with § 157(c)(1) of Title 28 and Fed.R.Bankr.P. 9033 by proposing suggested findings of fact and conclusions of law to the district court.

On the record in open court on May 15, 1995, I ruled that this proceeding should be forwarded to the district court as a "related to" proceeding and that the findings of fact and conclusions of law required by Fed. R.Bankr.P. 9033 would consist of the open court record made before Judge Robinson on May 5, 1995, and the open court record made before me on May 15, 1995. The use of the transcripts to satisfy the requirement of findings of fact and conclusions of law was to help expedite the district court's timely consideration of the proceeding because of its critical impact on the jobs of the defendants and the interests of the debtors.

While I recognize that if this proceeding is a "related to" matter, there may be a question about the efficacy of Judge Robinson's ruling, her ruling as expressed in the transcript of May 5, 1995, is proposed as the decision for adoption of the district court.

The transcript of proceedings held May 5, 1995, accompanies this order. The transcript of the proceeding on May 15, 1995, is being prepared. Both transcripts are incorporated by reference herein.

IT IS SO ORDERED.

---

11. *See Pacor v. Higgins,* 743 F.2d 984 (3d Cir. 1984); *Gardner v. United States (In re Gardner),* 913 F.2d 1515 (10th Cir.1990).