In re SHEA & GOULD, Debtor.

SHEA & GOULD, Plaintiff,

v.

RED APPLE COMPANIES, INC. (d/b/a Red Apple Group, Inc., Red Apple Supermarkets, Inc., Red Apple Realty, Inc. and Red Apple Management, Inc.), Defendants.

Bankruptcy No. 95 B 45978 (JLG).
Adversary No. 96–8322A.

United States Bankruptcy Court,
S.D. New York.

July 31, 1996.

Christopher Lometti, New York City, for Debtor.

Nicholas C. Katsoris, New York City, for Red Apple Companies, Inc.

*PROPOSED FINDINGS AND CONCLU- SIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDG- MENT*

JAMES L. GARRITY, Jr., Bankruptcy Judge.

Plaintiff Shea & Gould ("plaintiff" or "debtor") moves pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R.Civ.P.") and Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankr. Rules") for summary judgment on its complaint to recover unpaid legal fees and out of pocket expenses totalling $3,039.50 on the ground that Red Apple Companies, Inc. ("Red Apple" or "defendant") is liable for a binding account stated. Defendant opposes

the motion arguing that it has paid the fees and that no account stated exists between them. For the reasons stated below, we recommend that debtor's motion be granted.[1]

*Facts*

The facts, as established by debtor's chapter 11 petition, and the affidavits and Local Bankruptcy Rule 7056–1 statements submitted on behalf of each party are as follows. Debtor formerly was a partnership engaged in the practice of law. It ceased operation on or about March 31, 1994. Through a liquidation committee, debtor informally liquidated its operations until December 22, 1995, when it filed a petition under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), in this district.

In or about August 1988, Red Apple retained plaintiff to represent it in connection with certain matters and agreed to compensate plaintiff for its services at the firm's regular hourly rates and to reimburse plaintiff for its expenses. On December 29, 1993, Red Apple tendered, and debtor accepted, a check in the sum of $25,000 ("December 29 Check") that contained a notation stating "paid in full 12/31/93." In March 1994, debtor tendered, and Red Apple accepted, a $3,093.50 bill dated March 9, 1994 (the "March 1994 Bill"). Red Apple did not contest payment of, or otherwise respond to, that bill. On or about November 30, 1995, John Catsimatidis, defendant's Chairman and Chief Executive Officer, received a letter ("November 1995 Letter") from plaintiff's counsel ("Lometti") demanding immediate payment of the March 1994 Bill. Defendant did not respond to that letter until Ms. Susan Betancourt, Catsimatidis' assistant, sent Lometti a letter dated February 27, 1996 ("February 1996 Letter"). In relevant part that letter states that "[b]ack in December 1993 our company did a settlement with Shea & Gould for all outstanding bills up to December 31, 1993 and they were paid $25,-000.00 as payment in full to cover all invoices

and fees." Plaintiff has submitted a copy of the March 1994 Bill, including a detailed breakdown of the amounts owed debtor as of March 9, 1994. That material demonstrates that the March 1994 Bill covers legal services performed by debtor for Red Apple subsequent to December 31, 1993. The accuracy of that material has not been challenged by Red Apple. On or about March 27, 1996, plaintiff commenced this action by filing the underlying complaint with the court and serving it, together with a Summons and Notice of Pre–Trial Conference, on defendant. On or about April 26, 1996, defendant answered the complaint. It has not filed a proof of claim herein.

Plaintiff contends that because defendant accepted, but has not paid, timely contested or otherwise questioned the March 1994 Bill, the bill became an account stated and plaintiff is entitled to summary judgment on its complaint to collect that indebtedness. Defendant denies that summary judgment is appropriate.

*Discussion*

■ Pursuant to 28 U.S.C. § 157(b)(1), a bankruptcy judge "may hear and determine all ... core proceedings arising under title 11 ... and may enter appropriate orders and judgments, subject to review under [28 U.S.C. § 158]." For those purposes, § 157(b)(2) contains a non-exclusive list of "core proceedings". *See* 28 U.S.C. § 157(b)(2). Bankr.Rule 7008 makes Fed. R.Civ.P. 8 applicable to adversary proceedings under the Bankruptcy Code. That rule also directs, in part, that "[i]n an adversary proceeding before a bankruptcy judge, the complaint ... shall contain a statement that the proceeding is core or non-core, and if non-core, that the pleader does or does not consent to the entry of final orders or judgment by the bankruptcy judge." In its complaint, debtor alleges that this is a core proceeding under § 157(b)(2). Defendant's

---

1. Our subject matter jurisdiction of this matter is predicated on 28 U.S.C. §§ 1334(b) and 157(a) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). As

discussed in more detail below, this proceeding is a non-core "related" proceeding under 28 U.S.C. § 157(c)(1). This constitutes our proposed findings and conclusions pursuant to § 157(c)(1) and Bankr.Rule 9033.

answer denies knowledge or information sufficient to respond to that allegation. Under Bankr.Rule 7008, that "has the effect of a denial [of that allegation]." *See also Forts v. Ward,* 566 F.2d 849, 853 (2d Cir.1977). In opposing this motion, Red Apple did not challenge our alleged lack of core jurisdiction. However, that defense was preserved by its answer. *See* Advisory Committee Note to Bankr.Rule 7008 ("[o]nly express consent in the pleadings or otherwise is effective to authorize entry of a final order or judgment by the bankruptcy judge in a non-core proceeding"). *See also Marill Alarm Systems, Inc. v. Equity Funding Corp. (In re Marill Alarm Systems, Inc.),* 81 B.R. 119, 123 (S.D.Fla.1987) (in *dicta* stating that given mandates of Rule 7008, in an adversary proceeding in a bankruptcy court, *"the parties cannot impliedly consent to a final judgment by the bankruptcy court"*) (emphasis in original), *aff'd,* 861 F.2d 725 (11th Cir.1988). *Accord J.T. Moran Financial Corp. v. Amer. Consol. Finan. Corp. (In re J.T. Moran Financial Corp.),* 124 B.R. 931 (S.D.N.Y.1991); *M.S.V., Inc. v. Bank of Boston (In re M.S.V., Inc.),* 97 B.R. 721 (D.Mass.), *appeal dismissed,* 892 F.2d 5 (1st Cir.1989); *Rushton v. Traub (In re Nell),* 71 B.R. 305 (D.Utah 1987); *American Business Supply, Inc. v. Reynolds (In re American Business Supply, Inc.),* 182 B.R. 580 (Bankr.D.Kan.1995). *But see Men's Sportswear, Inc. v. Sasson Jeans, Inc. (In re Men's Sportswear, Inc.),* 834 F.2d 1134, 1137–38 (2d Cir.1987) (failure to object to bankruptcy court's assertion of jurisdiction over a "related" proceeding at both bankruptcy and district court levels constitutes consent to final adjudication of the controversy); *Miller v. Printech Instant Ads, Inc. (In re Lila, Inc.),* 133 B.R. 588 (Bankr. E.D.Pa.1991) (where debtor failed to allege whether matter was core proceeding in complaint and defendant requested court to enter judgment in its favor in answer, court found that both parties expressly consented to final determination even if matter non-core). In any event, we must determine whether the adversary proceeding is within our core jurisdiction. *See* 28 U.S.C. § 157(b)(3) (a "bankruptcy judge shall determine, on the judge's own motion or on

timely motion of a party, whether the proceeding is a core proceeding under [28 U.S.C. § 157(b)(2) ] or is a proceeding that is otherwise related to a case under title 11").

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the court held that Congress could not constitutionally empower a non-Article III bankruptcy court to adjudicate a state breach-of-contract action based on a pre-petition contract brought by a debtor against a defendant that had not filed a claim in bankruptcy court. The court held that the Constitution reserved for Article III courts traditional functions of the judicial power such as adjudicating state breach-of-contract claims like that by the debtor against the defendant. *Id.* at 84, 102 S.Ct. at 2878. It found Congress's broad grant of jurisdiction to the bankruptcy court to adjudicate such claims in the Bankruptcy Act of 1978 to be unconstitutional. Congress enacted 28 U.S.C. § 157 in response to *Marathon. See Ben Cooper, Inc. v. Insur. Co. of State of Pennsylvania (In re Ben Cooper, Inc.),* 896 F.2d 1394, 1398 (2d Cir.), *cert. granted,* 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990), *vacated and remanded,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated on remand,* 924 F.2d 36 (2d Cir.), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991). The characterization of an adversary proceeding within the terms included as core in 28 U.S.C. §§ 157(b)(2)(A–O) is not dispositive of whether the proceeding is core. *In re General American Communications Corp.,* 130 B.R. 136, 155 (S.D.N.Y.1991) (citing *Taxel v. Commercebank (In re World Financial Services Center, Inc.),* 64 B.R. 980, 986 (Bankr. S.D.Cal.1986)). *See also Borock v. Turner Construction Co. (In re Sardo Corp.),* No. 95 A 01620, 1996 WL 362756 (Bankr.N.D.Ill. June 11, 1996) (mere characterization of an action as a complaint for turnover does not mean that it is a turnover action pursuant to 28 U.S.C. § 157(b)(2)(E)). The relevant inquiry in determining whether a proceeding is a core proceeding "is whether the nature of th[e] adversary proceeding, rather than the state or federal basis for the claim, falls

within the core of federal bankruptcy power." *Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d 1384, 1389 (2d Cir.1990).

In its supplemental legal memorandum, Red Apple contends that this matter falls within our non-core "related" jurisdiction, that it does not consent to the jurisdiction of this court and that the case must be dismissed. On the cover sheet annexed to the complaint, plaintiff contended that our core jurisdiction is predicated on 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).[2] Debtor's supplemental memorandum only addressed § 157(b)(2)(E), although debtor purported to preserve its contention that §§ 157(b)(2)(A) and (O) are bases for finding core jurisdiction.

This is a state breach-of-contract action to recover a pre-petition account receivable from a party that has not filed a proof of claim herein. In *Silverman v. U.W. Marx, Inc. (In re Leco Enterprises, Inc.)*, 125 B.R. 385 (S.D.N.Y.1991), the district court held that an adversary proceeding seeking the same kind of relief was a core proceeding pursuant to §§ 157(b)(2)(A), (E) and (O). In that case, a chapter 7 trustee sued defendant to recover the sum of $101,098.89 allegedly due and owing to debtor on account of subcontracting work performed by debtor pre-petition for defendant's benefit. Defendant moved the district court pursuant to 28 U.S.C. § 157(d) for an order withdrawing the reference to permit a jury trial of plaintiff's contract claim against it to be held before a district judge and for a change in venue from the United States District Court for the Southern District of New York to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1412. *Id.* at 387. The court denied the motion in its entirety. In relevant part, the court found that the action to collect a pre-petition account receivable fell within the bankruptcy court's core jurisdiction under 28 U.S.C. §§ 157(b)(2)(A) and (O). *Id.* at 389–92. Although defendant had not filed a proof of claim or otherwise submitted itself to the court's jurisdiction, the court found that

the adversary proceeding at issue in the instant case concerns the administration and liquidation of an asset of the Debtor's estate, namely an account receivable, which clearly falls within the plain meaning of § 157(b)(2)(A) and (O). In particular, it involves a claim for $101,098.99 allegedly owed to the Debtor which if collected would inure to the benefit of the estate or the creditors of the estate. Accordingly, the prompt resolution of this adversary proceeding is essential to the administration of the estate and the adjustment of the debtor-creditor relationships since these funds are inextricably linked to the liquidation of the estate.

*Id.* at 389–90. That determination was rejected by our Court of Appeals in *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir.1993), *cert. dismissed*, —— U.S. ——, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994).

In *In re Orion Pictures Corp.*, plaintiff sued defendant alleging that defendant had anticipatorily breached a licensing agreement (the "Agreement"). In its amended complaint, plaintiff sought (i) an order allowing the assumption of the Agreement under § 365 of the Bankruptcy Code, (ii) an order of specific performance directing defendant to pay plaintiff the amounts provided under the Agreement, and (iii) a declaration that defendant was estopped from invoking the "key men" clause of the Agreement. *See In re Orion Pictures Corp.*, 139 B.R. 785, 786 (S.D.N.Y.1992). Simultaneously, plaintiff filed a motion pursuant to § 365 of the Bank-

---

**2.** Under those provisions, core proceedings include:

 (A) matters relating to the administration of the estate;

 \* \* \* \* \* \*

 (E) orders to turn over property of the estate;

 \* \* \* \* \* \*

 (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2).

ruptcy Code to assume the Agreement. *Id.* Defendant moved the district court for an order pursuant to § 157(d) and Bankr.Rule 5011(a) withdrawing the reference of the adversary proceeding from the bankruptcy court. Relying on *In re Leco Enterprises, Inc.,* and the passage quoted above, the district court denied the motion finding that an action by a debtor's estate to collect contract claims owing to it "is a core proceeding within the plain meaning of 28 U.S.C. § 157(b)(2)(A)". *Id.* at 788. Defendant answered the amended complaint and demanded a jury trial which the bankruptcy court denied. Thereafter, the bankruptcy court held a hearing on both the motion to assume and the adversary proceeding. In deciding the motion to assume, the bankruptcy court found that Orion had not breached the "key men" clause in the Agreement and, in light of that determination, granted the motion. The court then dismissed the adversary proceeding without prejudice as moot. On appeal, the district court affirmed. *See In re Orion Pictures Corp.,* 149 B.R. 342 (S.D.N.Y.1992). On appeal to the Second Circuit, the judgment was vacated and the case remanded. In part, the court held that the district court erred in denying defendant's motion to withdraw the reference of the adversary proceeding and that the court's reliance on *In re Leco Enterprises, Inc.* was misplaced:

> The problem with the *In re Leco* approach is that it creates an exception to *Marathon* that would swallow the rule. Any contract action that the debtor would pursue against a defendant presumably would be expected to inure to the benefit of the debtor estate and thus "concern[s]" its "administration." Certainly this is true here where the outcome could determine Orion's continued viability as an enterprise. Nonetheless, the Adversary Proceeding remains a pre-petition contract action that the Supreme Court held in *Marathon* may not be finally adjudicated by a non-Article III judge.

4 F.3d at 1102 (citations omitted). Accordingly, this is not a core proceeding under §§ 157(b)(2)(A) or (O). *See also Staats v. Adolfson & Peterson, Inc. (In re Statewide Pools, Inc.),* 126 B.R. 877, 881 (Bankr. S.D.Ohio 1991) (citing cases on both sides of

issue and concluding that majority view "cases correctly recognize that if the term 'core proceeding' and particularly the language of 28 U.S.C. § 157(b)(2)(A) and (O) is so broadly interpreted as to include all actions to collect accounts and all other similar contract-type actions, *Marathon* itself would be elevated to a core proceeding and [the Bankruptcy Amendments and Federal Judgeship Act of 1984] would be as violative of the Constitution as its statutory predecessor"); *Commercial Heat Treating of Dayton, Inc. v. Atlas Industries, Inc. (In re Commercial Heat Treating of Dayton, Inc.),* 80 B.R. 880, 888 (Bankr.S.D.Ohio 1987).

■ As provided in § 542(b) of the Bankruptcy Code, turnover proceedings apply to "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order". 11 U.S.C. § 542(b). "Whether a claim for an overdue account can be described as a matured debt depends on whether it is 'specific in its terms as to amount due and date payable.'" *F & L Plumbing and Heating Co., Inc. v. N.Y. University (In re F & L Plumbing and Heating Co., Inc.),* 114 B.R. 370, 376 (E.D.N.Y.1990) (quoting *Allegheny Inc. v. Laniado Wholesale Co. (In re Allegheny Inc.),* 68 B.R. 183, 190 (Bankr.W.D.Pa.1986)). A turnover action may be inappropriate where the debtor's claim lacks such certainty. *Id. See also In re Sardo Corp.,* 1996 WL 362756 at *14 ("[a]n action is properly characterized as one for turnover where the trustee or debtor in possession is seeking to obtain property of or owned by the debtor, as opposed to seeking property owed to the debtor") (citing *John Hancock Mut. Life Ins. Co. v. Watson (In re Kincaid),* 917 F.2d 1162, 1165 (9th Cir.1990); *McClatchey v. Ohio Public Employees Deferred Compensation Program (In re Matheney),* 138 B.R. 541, 546 (Bankr.S.D.Ohio 1992)).

■ Although Red Apple disputes that it is obligated to pay any additional amounts for legal services rendered by debtor, debtor argues that Red Apple has "utterly failed" to show that the dispute is *bona fide,* such that this adversary proceeding is a core turnover proceeding under § 157(b)(2)(E). In finding

that the collection action was a core proceeding under § 157(b)(2)(E), the *Leco Enterprises* court reasoned that "[t]o the extent the Trustee is seeking to collect monies allegedly due from [defendant] for work, labor and services rendered and billed, in the nature of an account stated, the instant adversary proceeding is a core proceeding pursuant to [28 U.S.C. § 157(b)(2)(E)] which is matured, payable on demand or order and for a sum certain." *See* 125 B.R. at 390 (citation omitted). That holding is questionable in light of *Orion Pictures.*

In *Hassett v. BancOhio Nat. Bank (In re CIS Corp.),* 172 B.R. 748 (S.D.N.Y.1994), debtor, succeeded by its chapter 11 trustee, commenced an adversary proceeding against BancOhio seeking, among other things, a declaration that certain computer equipment leasing transactions actually constituted a form of financing, and an order directing BancOhio to turn over the equipment and an "accidental" payment made by CIS. In its answer to the complaint, the bank asserted that the claims alleged therein were non-core, that it was entitled to a jury trial of the underlying facts, and that the reference of the proceeding should be withdrawn from the bankruptcy court. *Id.* at 752. Defendant moved the district court for an order withdrawing the reference to the bankruptcy court of the adversary proceeding.

The trustee opposed the motion. Among other things, citing *Leco Enterprises* as support, the trustee claimed that the causes of action seeking turnover of the equipment and funds were core "turnover" proceedings under 28 U.S.C. § 157(b)(2)(E). The court rejected that argument in light of the ruling in *Orion Pictures,* the express language of § 542 which "create[s] a strong textual inference that an action should be regarded as a turnover only when there is no legitimate dispute over what is owed to the debtor", and its determination that a legitimate dispute existed over ownership of the equipment. *Id.* at 760. *See also Shugrue v. Blackwall Green Limited (In re Ionosphere Clubs, Inc.),* No. 93 Civ. 1260, 1994 WL 132236, *3 (S.D.N.Y. Apr. 14, 1994) (where debtor alleged various state law claims that relied upon disputed matters of law and fact, action

was not core turnover proceeding); *Weiner's, Inc. v. T.G. & Y. Stores Co.,* 191 B.R. 30, 32 (S.D.N.Y.1996) (vacating bankruptcy court order finding that post-petition state tort action against non-creditors was core turnover proceeding under § 542(b) of the Bankruptcy Code and 28 U.S.C. § 157(b)(2)(E)).

■ Debtor contends that because Red Apple has failed to demonstrate any *bona fide* defense to this litigation, the action should be treated as a turnover proceeding within our core jurisdiction under § 157(b)(2)(E). Debtor would have us consider the merits of the defenses asserted by Red Apple in opposition to the complaint and this motion in determining whether this action is within our core jurisdiction. However, "[t]he word 'turnover' . . . implies action far more ministerial than is required in these circumstances: [the] action to determine the amount of the claimed debt to the estate that is, as yet, wholly disputed and unliquidated cannot properly be styled an action to 'turnover' estate 'property' ". *Weiner's Inc. v. T.G. & Y. Stores Co.,* 191 B.R. at 32. Thus, "[a] turnover proceeding can only be considered a core proceeding under § 542(b) when its purpose is the collection, rather than creation, recognition or liquidation of a matured [claim]." *Acolyte Electric Corp. v. City of New York,* 69 B.R. 155, 172 (Bankr.E.D.N.Y. 1986), *aff'd,* No. 86–0329, 1987 WL 47763 (E.D.N.Y. March 27, 1987). Notwithstanding our recommendation below that summary judgment should be entered in favor of debtor, we find that this adversary proceeding is not a core proceeding under § 157(b)(2)(E).

■ We hold that "this breach-of-contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the bankruptcy court, is non-core." *In·re Orion Pictures Corp.,* 4 F.3d at 1102. Rather this action is a non-core "related" proceeding under 28 U.S.C. § 157(c)(1). *See In re J.T. Moran Financial Corp.,* 124 B.R. at 938 (adversary proceeding seeking to collect on pre-petition notes non-core "related" proceeding); *Mec Steel Buildings, Inc. v. San Lorenzo Constr. Corp. (In re Mec Steel Buildings, Inc.),* 136 B.R. 606, 610 (Bankr. D.P.R.1992) (action to collect on pre-petition account receivable is "related" proceeding);

*In re Statewide Pools, Inc.,* 126 B.R. at 881; *In re Commercial Heat Treating of Dayton, Inc.,* 80 B.R. at 890; *In re Epi–Scan, Inc.,* 71 B.R. 975, 980 (Bankr.D.N.J.1987). Contrary to Red Apple's contention, it does not follow that this adversary proceeding must be dismissed for lack of jurisdiction. Rather, because Red Apple does not consent to our entry of a final order, we must submit proposed findings and conclusions for review *de novo* by the district court of any matters to which a timely objection is interposed. *See* 28 U.S.C. § 157(c)(1); Bankr.Rules 9033 and 7012(b).

 Bankr.Rule 7056 makes Fed. R.Civ.P. 56 applicable to cases under the Bankruptcy Code. Fed.R.Civ.P. 56(c) states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). As movant, plaintiff must demonstrate the absence of a genuine issue of material fact. *See* Fed.R.Civ.P. 56(c). *See also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "A party moving for summary judgment is not required to 'support its motion with affidavits or other similar materials negating the opponent's claim.'" *Citizens Bank of Clearwater v. Hunt,* 927 F.2d 707, 713 (2d Cir. 1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S.Ct. at 2552). It is enough that movant shows that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. at 325, 106 S.Ct. at 2554.

 Defendant contends that summary judgment is not warranted because it does not owe plaintiff any money on account of the March 1994 Bill. It maintains that the obligations underlying that bill were among those satisfied by the December 29 Check. As the party opposing the motion, defendant may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). *See also Delaware & Hudson Ry. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990) (when movant satisfies Rule 56(c), adverse party cannot rely on conclusory allegations to create genuine issue under Rule 56(e)), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991); *Pfau v. Coopers & Lybrand,* 776 F.Supp. 744, 747 (S.D.N.Y.1990) (nonmovant must do more than simply show that there is some metaphysical doubt as to material facts) (citing *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). Defendant not only failed to adduce evidence to support those allegations, but they are belied by the notation on the December 29 Check, the admission contained in the February 1996 Letter that the December 29 Check was tendered in full satisfaction of all outstanding bills up through December 31, 1993, and defendant's failure to offer any evidence disproving the information submitted by debtor in support of the March 1994 Bill. In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court held that summary judgment should be granted if the nonmovant fails to provide evidence sufficient to allow a reasonable juror to rule in its favor. *Id.* at 250–51, 106 S.Ct. at 2511. That standard mirrors the one applied to a directed verdict even though the former is procedural while the latter is substantive. *Id.* at 251, 106 S.Ct. at 2511. *See also Rovtar v. Union Bank of Switzerland,* 852 F.Supp. 180, 182 (S.D.N.Y.1994) ("dispute regarding material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party'") (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510). Defendant has not adduced evidence sufficient to allow a reasonable juror to rule

in its favor on the issue of whether the March 1994 Bill was paid. Rather, the undisputed evidence proves that it was not paid.

An account stated is " 'an agreement between the parties to an account based upon prior transactions between them with respect to the correctness of the separate items composing the account and the balance due, if any, in favor of one party or the other.' " *Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*, 638 F.Supp. 714, 719 (S.D.N.Y.1986) (citing *Chisholm–Ryder Co., Inc. v. Sommer & Sommer*, 70 A.D.2d 429, 431, 421 N.Y.S.2d 455, 457 (1979)). "New York courts have long held that a party who receives an account is bound to examine it, and if that party admits that the account is correct, it becomes a stated account and is binding on both parties; the balance of the stated account becomes a debt which can be sued for and recovered at law." *Kay Collyer & Boose v. International Film Productions, Inc.*, No. 85 Civ. 2478, 1985 WL 3962, *1 (S.D.N.Y. Nov. 25, 1985) (citations omitted). Express assent to the account is not necessary. A party who fails to object to the account within a reasonable time is bound by the account stated absent fraud, mistake or other equitable considerations. *Id.; Rosenman Colin Freund Lewis & Cohen v. Neuman*, 93 A.D.2d 745, 746, 461 N.Y.S.2d 297, 298–99 (1983). Thus, to establish a claim for an account stated, plaintiff must demonstrate that (1) it tendered an account to the defendant, and (2) defendant failed to object to that account within a reasonable time. *See Fink, Weinberger, Fredman, Berman & Lowell, P.C. v. Petrides*, 80 A.D.2d 781, 437 N.Y.S.2d 1, *appeal dismissed*, 53 N.Y.2d 1028, 442 N.Y.S.2d 496, 425 N.E.2d 884 (1981); *Chisholm–Ryder Co., Inc. v. Sommer & Sommer*, 70 A.D.2d at 431, 421 N.Y.S.2d at 457. *See also Penn Intermodal Leasing, Inc. v. SeaXpress, Inc.*, No. 93 Civ. 4747, 1994 WL 623018, *2 (S.D.N.Y. Nov. 9, 1994) ("[i]n order to succeed with summary judgment on an account stated, Plaintiff must show that an account was rendered showing a balance, and that the receiving party failed within a reasonable time to examine it and to object to its correctness") (citing *Steingart Associates, Inc. v. Sandler*, 28 A.D.2d 801, 280 N.Y.S.2d 1012 (1967)). Whether an ob-

jection is made timely is a question of fact. *Bowne of New York, Inc. v. International 800 Telecom Corp.*, 178 A.D.2d 138, 139, 576 N.Y.S.2d. 573, 574 (1991).

Red Apple argues that plaintiff is not entitled to summary judgment because the November 1995 Letter is the "account" which it allegedly timely contested in February 1996. However, the "account" relevant to this motion is the March 1994 Bill. *See Rodkinson v. Haecker*, 248 N.Y. 480, 162 N.E. 493 (1928) (for purposes of showing account stated, a bill tendered by an attorney to his client is the "account"); *Fink, Weinberger, Fredman, Berman & Lowell, P.C. v. Petrides*, 80 A.D.2d at 781, 437 N.Y.S.2d 1 (same). Defendant's February 16, 1996 objection to that account which came 23 months after the March 1994 Bill was tendered and received, is not timely. *See Navimex S.A. De C.V. v. S/S "Northern Ice"*, 617 F.Supp. 103 (S.D.N.Y.1984) (objection to account five months after receipt not timely); *Dreyer and Traub v. Rubinstein*, 191 A.D.2d 236, 594 N.Y.S.2d 257 (1993) (defendant who did not object to law firm's bill for over one year deemed to have accepted it); *Hobbs Group, Inc. v. Klein Insurance Services, Inc.*, No. 94 Civ. 3084, 1995 WL 236709 (S.D.N.Y. Apr. 24, 1995) (defendant that did not specifically object to correctness of account for over a year and one-half deemed to have accepted invoice).

### Recommendation

Based on the foregoing, it is recommended that plaintiff's motion for summary judgment be granted.

Pursuant to Bankr.Rule 9033, the foregoing proposed findings and conclusions shall be served by the clerk on each of the parties.