■ In the Matter of NANCY C. (ANONYMOUS), Respondent, v JOHN J. O'C. (ANONYMOUS), Appellant.—In a paternity proceeding, the appeals are from four orders of the Family Court, Queens County: (1) an order of filiation dated June 19, 1974; (2) an order dated December 10, 1974 which awarded support and a counsel fee of $1,000, plus $64 disbursements; (3) an order dated December 17, 1974 which increased the counsel fee award to $3,000, plus $64 disbursements, but contained a provision that the additional amount be enforced only by proceedings outside the Family Court; and (4) an order dated June 13, 1975 which awarded an additional counsel fee of $900, plus disbursements of $81.50, for services rendered subsequent to December 17, 1974, also to be enforced only by proceedings outside the Family Court. Orders dated June 19, 1974, December 10, 1974 and June 13, 1975 affirmed, without costs. Order dated December 17, 1974 reversed, on the law, without costs, and the additional award of counsel fees therein is denied. With respect to the appeal from the order of filiation, CPLR 5513 provides: "(a) Time to take appeal as of right. An appeal as of right must be taken within thirty days after *service* upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has *served* a copy of the judgment or order and written notice of its entry, his appeal must be taken within thirty days thereof" (emphasis added). The record is barren with respect to service of the June 19, 1974 order and no motion was made by petitioner to dismiss the appeal as untimely. This court, therefore, is unable to determine whether or not there has been compliance with the above-quoted statutory requirements. Under these circumstances, this court will not assume that the appeal is untimely. The issue of the timeliness of an appeal is generally raised by a motion to dismiss the appeal in which the relevant facts can be stated in the moving affidavits. The proof adduced at the trial clearly, convincingly and

with entire satisfaction established a meretricious relationship between petitioner and appellant and negated access by petitioner's husband during the critical period. The Family Court found, in making the December 10, 1974 order, that, although the $4,425 requested by petitioner's attorney was fair and reasonable for the calibre of services rendered by him, appellant did not have the present ability to pay more than $1,000, plus $64 in disbursements, and therefore limited that order accordingly. On December 17, 1974, the Family Court modified that order by increasing the amount of the counsel fee to be paid by appellant to $3,000, plus $64 disbursements, but added a provision that Family Court sanctions are to be applicable only to the counsel fee and disbursements originally awarded against appellant and that the increase is to be enforced only by proceedings outside the Family Court. That increase in the counsel fee must be reversed, since it was based on appellant's potential earnings and not on his present ability to pay (Schaschlo v Taishoff, 2 NY2d 408). We have reviewed the record in this case and, on the basis of the number of appearances entered for petitioner's attorney during the six-month period immediately following December 17, 1974, the award of a counsel fee for services rendered after that date was proper. Hopkins, Acting P. J., Martuscello, Margett, Christ and Munder, JJ., concur.