■ A & S WELDING & BOILER REPAIR, INC., Respondent, v SAMUEL SEIGEL et al., Appellants and Third-Party Plaintiffs-Appellants. HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, Third-Party Defendant-Respondent. — Orders, Supreme Court, Bronx County (DiFede, J.), entered respectively May 10, 1982 and October 4, 1982 (a) granting plaintiff's motion for summary judgment against defendants and third-party plaintiffs Samuel Seigel and Allen Holding Company, and severing the action from the remaining third-party action, and (b) denying said defendants' motions for leave to renew, are unanimously reversed, on the law, with costs to appellants, and plaintiff's motion for summary judgment is denied. There is an issue of fact as to whether the agreement of the parties was that plaintiff was to look to the third-party defendant Hartford Steam Boiler Inspection and Insurance Company for payment for the boiler which plaintiff was installing on the property of defendants-appellants. While ordinarily there would at least be a contract implied in fact that the person to whom goods or services are rendered and who received the benefit of them will pay for them, no such contract can be implied if there was an express contract that someone else would pay and that the recipient was not to pay. "A contract cannot be implied *in fact* * * * where there is an express contract covering the subject-matter involved; or against the intention or understanding of the parties" (*Miller v Schloss,* 218 NY 400, 406-407). Here it is the defendants' contention that the express contract and the intention and understanding of the parties were that defendants' insurance company and not defendants would pay; and there is an issue of fact as to that. Plaintiff had and presumably still has the option of protecting itself against being whipsawed in the dispute between defendants-appellants and their insurance company by asserting a claim directly against the insurance company as well as against defendants-appellants, either jointly or in the alternative. (Cf. CPLR 1009, 3012, subd [b]; 3014, 3017, subd [a].) We do not reach the issue of whether plaintiff is barred from recovery because of its alleged failure

to have a permit from the City of Poughkeepsie as there is only incompetent hearsay evidence before us on the question of whether plaintiff does have such a permit. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Alexander, JJ.