■ MAURICE BERNSTEIN, Respondent, v ANDREW TISCH et al., Appellants. — Order of the Supreme Court, New York County (Ascione, J.), entered October 20, 1983, which denied defendants-appellants' motion to dismiss the first, third, fourth and fifth causes of action of plaintiff-respondent's amended complaint, is unanimously modified, on the law, to the extent of dismissing the third cause of action for an account stated, and otherwise affirmed, without

costs. ¶ Plaintiff-respondent Bernstein, an interior decorator, brought this action for damages for breach of a contract involving interior decorating of defendants-appellants' home in Purchase, New York, and of an apartment in New York City. The third cause of action is an account stated claim. An account stated has been defined as " 'an account balanced and rendered, with an assent to the balance express or implied' " (*Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 153, citing *Volkening v DeGraaf,* 81 NY 268, 270). ¶ In light of the admission by the plaintiff in his deposition that the purported account stated was only an approximation, and the fundamental inaccuracy of the basis for the account, it cannot be said that the third cause of action for account stated was legally sufficient. Inasmuch as no express assent to the account stated is present in this case, the plaintiff's cause of action requires proof of an implied consent. Under the circumstances, defendants' mere silence cannot be construed as an assent to an approximate account where defendants had requested that plaintiff scale back his services from redecorating defendants' homes to performing some construction work, and when that was not satisfactory, defendants terminated plaintiff's services before completion. (See *Gurney, Becker & Bourne v Benderson Dev. Co.,* 47 NY2d 995.) Concur — Murphy, P. J., Kupferman, Sullivan, Silverman and Fein, JJ.