■ CAMP, DRESSER & McKEE, Appellant, v CITY OF NIAGARA FALLS, Respondent.—Order unanimously affirmed with costs. Memorandum: Plaintiff failed to prove its entitlement to partial summary judgment on its cause of action for an account stated. An agreement to pay an account stated may be implied "if a party receiving a statement of account keeps it without objecting to it within a reasonable time because the party receiving the account is bound to examine the statement and object to it, if objection there be" *(Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429, 431; *see also, Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 153- 154). Plaintiff contends that the city retained its invoices without objection for many months, evidencing its agreement to an account stated. The city asserts that plaintiff was put on notice as early as July 1986 and no later than September 1986 that payment would be withheld, and much of the delay in

notifying plaintiff of the decision to withhold payment was occasioned by the complexities of the city's payment system, which requires City Council approval for the payment of invoices. The city further argues that plaintiff had acquiesced to this system of late payment and, in fact, plaintiff's submissions to Special Term reveal that plaintiff's invoices, although usually paid within 90 days, were often not paid for many months. The record further reveals that many of the invoices which plaintiff contends were accepted without objection were forwarded to the city after the date that the city notified plaintiff that it intended to withhold payment. Accordingly, we find that questions of fact exist concerning whether the city objected effectively to the invoices received and whether the objection was made within a reasonable time. (Appeal from order of Supreme Court, Niagara County, Koshian, J.— summary judgment.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.