■ RONNY-GERARD, INC., Respondent, v MEYER ZIMMERMAN, Also Known as MICHAEL ZIMMERMAN, Appellant.—In an action, *inter alia,* to recover the amount due on an account stated, the defendant appeals from a judgment of the Supreme Court, Nassau County (Balletta, J.), entered September 2, 1987, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $26,772.31.

Ordered that the judgment is affirmed, with costs.

The trial court properly submitted to the jury both the issue of the existence of an account stated and the issue of whether the defendant could be held personally liable for the debt. Testimony adduced by the plaintiff to the effect that the defendant had made periodic payments on the account without objection and that the defendant's general manager had examined the bills and invoices and found them to be in order created a presumption of the existence of an account stated. The defendant sought to rebut this by submitting evidence of

his written objections to certain invoices that he had received *(see, Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429; *James Talcott, Inc. v United States Tel. Co.,* 52 AD2d 197, 200-201). The resolution of this factual dispute was a question for the jury.

Furthermore, the plaintiff adduced sufficient evidence, consisting of, among other things, a letter agreement signed by the defendant without any indication that he was acting in a representative capacity and two personal checks issued by the defendant in partial payment on the account, to overcome the presumption that the defendant was acting on behalf of a disclosed principal *(see, Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 43; *RKO-Stanley Warner Theatres v Plaza Pictures,* 54 AD2d 623).

Given that the jury's verdict is one which reasonable persons could have reached after reviewing the conflicting evidence, the trial court properly denied the defendant's motion to set aside that verdict *(see, Muth v J & T Metal Prods. Co.,* 74 AD2d 898, *lv dismissed* 51 NY2d 745).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.