■ BOWNE OF NEW YORK, INC., Respondent, v INTERNATIONAL 800 TELECOM CORP., Appellant.—Judgment, Supreme Court, New York County (Harold Tompkins, J., and a jury), entered June 4, 1990, in favor of plaintiff and against defendant in the amount of $326,453.78, inclusive of interest and costs, is unanimously affirmed, with costs. Order of the same court entered on or about September 25, 1990, which denied

defendant's motion pursuant to CPLR 4404 to set aside the jury verdict, is unanimously affirmed, with costs.

Although the notice of appeal was filed more than 30 days after entry of the judgment, it does not appear that plaintiff served on defendant a copy of the judgment with notice of entry more than 30 days prior to the service of the notice of appeal (CPLR 5513 [a]). In the absence of such proof, this court will not assume that the appeal is untimely (Matter of Nancy C. v John J. O'C., 50 AD2d 800).

Giving the jury verdict the deference that it is due (see, Martin v McLaughlin, 162 AD2d 181), we agree with IAS that it should not be set aside as against the weight of the evidence. Plaintiff submitted competent, if conflicting, proof that defendant's officer and director was expressly acting on behalf of the defendant, as opposed to any related company, when he accepted plaintiff's services and agreed to pay for them. Whether the parties' conduct evinces a mutual intent to be bound by a purported agreement (Bauman Assocs. v H & M Intl. Transp., 171 AD2d 479, 483; Jemzura v Jemzura, 36 NY2d 496, 503-504), and whether in an action based on an alleged account stated, objection is made within a reasonable time after receipt of the account (compare, Camp, Dresser & McKee v City of Niagara Falls, 142 AD2d 973), are questions of fact that were properly submitted to the jury, and decided on a record sufficient to support the verdict.

We agree with defendant that the general verdict on liability for breach of contract was inappropriate, since the theories of express contract and of contract implied in fact, both of which were presented to the jury, are mutually exclusive (see, Davis v Caldwell, 54 NY2d 176; A & S Welding & Boiler Repair v Seigel, 93 AD2d 712). The error, however, is waived, since no objection was taken to this portion of the contract charge (CPLR 4110-b).

We have considered defendant's other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Asch, JJ.