■ Proskauer Rose Goetz & Mendelsohn, Appellant, v National Westminster Bank U.S.A. et al., Respondents, et al., and Defendant.

The plaintiff law firm seeks to collect legal fees and disbursements for its representation of the City of East St. Louis, Illinois, and its Mayor, Carl E. Officer, in two separate actions brought by persons involved in certain redevelopment projects which were financed by the sale of municipal bonds. The defendant banks are trustees under certain trust indenture agreements securing payment of said bonds. The trust indenture agreements for the projects in question the "Port Project" and the "Resource Redevelopment Project" both contain clauses (section 11.02) which provide, in pertinent part that, "With the exception of rights expressly conferred in this Indenture, nothing expressed or mentioned in or to be implied from this Indenture or the Bonds is intended or shall be construed to give to any person other than the parties hereto, the Bank and Owners of the Bonds, any legal or equitable right, remedy or claim under or in respect to this Indenture or any covenants, conditions and provisions contained herein." Thus, notwithstanding the resolution of the Aldermanic Coun-

cil of the City of East St. Louis that plaintiff's fees in connection with these actions would be paid from the bond proceeds, plaintiff has no right or standing to assert any claim to these proceeds directly against the trustee banks.

Plaintiff's arguments that it is entitled to assert claims as to the bond proceeds under the equitable subrogation or common fund doctrines are without merit, inasmuch as the doctrine of equitable subrogation is inapplicable to the facts of this case, and the common fund doctrine gives plaintiff no right to assert claims against persons other than its client (see, Gibson & Cushman Dredging Corp. v Halliburton Co., 111 AD2d 741, 744). Nor may the trustee banks be deemed "stakeholders" pursuant to CPLR 1006, as of the inception of this proceeding, plaintiff having no cause of action or competing claim which may be asserted against them. We are informed that the bondholders have been paid and therefore the banks may now be deemed stakeholders.

We have considered appellant's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.