OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
Motion by defendant for an order pursuant to CPLR 3211 (a) (1) and (6) dismissing the second cause of action based upon documentary evidence and for failure to state a cause of action is denied.
Plaintiff’s action is to recover legal fees. The second cause of action is under the theory of an account stated. Defendant’s motion challenges this theory with a letter from plaintiff which states in pertinent part: "I also enclose a copy of our bill, which includes all hours billed in connection with the *714 preparation of the enclosed posttrial submissions. As I mentioned to you on the telephone, the bill has now become excessive and I cannot continue to work on the file unless it is brought current. In the past, you have complained that your work seems to get done at the last moment. If you examine your bills, however, you will note, as I am sure you know, that I have billed three to four hours for every one paid. I cannot continue to work in that manner, nor can you reasonably expect me to place your matter before others under those circumstances. It will thus be our mutual benefit if the bills are paid in full when received.” No other documentary evidence was submitted by defendant to demonstrate the challenging of the account stated.
Defendant presents the novel contention that the demonstration of conversations relating to the timeliness of work precludes a cause of action for an account stated.
Based upon the evidence submitted, the court is unable to grant defendant’s motion. There is no law to support defendant’s contention. To the contrary, it is not unusual for questions of fact to exist in account-stated cases requiring evaluation of the nature of objections to invoices and whether the objections were made in a timely fashion (Camp, Dresser & McKee v City of Niagara Falls, 142 AD2d 973). Although evidence of an objection to an account stated may be sufficient to withstand a motion for summary judgment by refuting the inference of an implied agreement, it is not sufficient to strike a cause of action (see, Sandvoss v Dunkelberger, 112 AD2d 278; Santora & McKay v Mazzella, 182 AD2d 572; Ronny-Gerard, Inc. v Zimmerman, 150 AD2d 438).
Upon additional discovery, it is possible that this motion or some other motion seeking summary determination by either side may be more viable (Shea & Gould v Burr, 194 AD2d 369; Bernstein v Tisch, 102 AD2d 778).