■ STEVEN G. LEGUM, Respondent, v SHELDON RUTHEN, Appellant. [621 NYS2d 649] —In an action to recover for the reasonable value of legal services rendered, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Kohn, J.), entered January 29, 1993, which, upon granting the plaintiff's motion for summary judgment on the first, second, third, and fourth causes of action and for a hearing for the assessment of damages on the third and fourth causes of action, is in favor of the plaintiff in the principal sum of $3,000 with respect to the plaintiff's first and second causes of action, and directed a hearing to assess damages on the plaintiff's third and fourth causes of action, and to determine the fifth cause of action.

Ordered that the appeal from so much of the order and

judgment as directed a hearing with respect to the third, fourth, and fifth causes of action is dismissed, as that portion of the order and judgment is not appealable as of right *(see, Palma v Palma,* 101 AD2d 812); and it is further,

Ordered that the order and judgment is reversed insofar as reviewed, on the law, the plaintiff's motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for trial; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff is the assignee of a law firm which rendered legal services to the defendant. The complaint alleged five causes of action based on (1) contract, (2) account stated, (3) quantum meruit, (4) intentional tort, and (5) a contractual clause governing "liquidated damages". The demands for judgment associated with each of these causes of action were: (1) $3,500 based on breach of contract, (2) $3,500 based on account stated, (3) $7,500 based on quantum meruit, (4) $50,000 based on intentional tort, and (5) $700 based on the liquidated damages clause.

In a decision dated December 14, 1992, the Supreme Court (Kohn, J.), granted a motion by the plaintiff for summary judgment on the first, second, third, and fourth causes of action, and to set the matter down for a hearing on the issue of damages as to the third and fourth causes of action. The decision also directed a hearing as to the fifth cause of action, although this relief had not been requested in the plaintiff's motion, and directed the settlement of a judgment on notice. On January 29, 1993, the court entered an order and judgment (one paper) which awarded the plaintiff the principal sum of $3,000, and directed a hearing to assess damages as to the plaintiff's third and fourth causes of action and a determination of the fifth cause of action. The defendant appealed from the order and judgment.

The parties agreed that the plaintiff's assignor would be paid according to the reasonable value of its services. We agree with the defendant that the two affidavits submitted by the plaintiff in support of his motion for summary judgment are devoid of evidence as to the reasonable value of the services rendered by the assignor law firm. The plaintiff's notice to admit dated September 10, 1992, did not call for an admission as to the actual value of the services rendered by the plaintiff's assignor, and the defendant's failure to properly respond to these notices to admit consequently does not establish the actual value of those services. The parties' stipulation

that the defendant would pay a total of $3,500 to the plaintiff, at which time each party would execute a general release in favor of the other, did not terminate the action *(see, Teitelbaum Holdings v Gold,* 48 NY2d 51). The stipulation reflects an understanding that if the defendant were to fail to comply with the conditions set forth therein, the litigation would continue *(cf., HCE Assocs. v 3000 Watermill Lane Realty Corp.,* 131 AD2d 543). There was no other proof as to the reasonable value of the services rendered by the assignor law firm, and thus, the judgment in the principal sum of $3,000 summarily awarded to the plaintiff cannot be sustained on a breach of contract theory, as pleaded in the plaintiff's first cause of action.

We also find that the plaintiff failed to demonstrate a right to summary judgment in the principal sum of $3,000 on the basis of an account stated, as pleaded in the plaintiff's second cause of action. Proof that an unitemized bill was issued by an attorney and then held by the client without objection for an unreasonable period of time may, under certain circumstances, provide a basis upon which to find an implied assent so as to constitute an account stated *(see, Gurney, Becker & Bourne v Benderson Dev. Co.,* 47 NY2d 995; *Werner v Nelkin,* 206 AD2d 422; *Davis, Markel & Edwards v Solomon,* 204 AD2d 182; *Shea & Gould v Burr,* 194 AD2d 369; *Dreyer & Taub v Rubinstein,* 191 AD2d 236; *Kelley Drye & Warren v Baran,* 163 AD2d 205; *Rosenman Colin Freund Lewis & Cohn v Edelman,* 160 AD2d 626; *Sandvoss v Dunkelberger,* 112 AD2d 278; *Epstein Reiss & Goodman v Greenfield,* 102 AD2d 749; *Reboul, MacMurray, Hewitt, Maynard & Kristol v Quasha,* 90 AD2d 466; *Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781). However, the Court of Appeals has stated that "mere silence and failure to object cannot be construed as an agreement upon the correctness of the accounts" *(Corr v Hoffman,* 256 NY 254, 266; *see also, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 154; *Bernstein v Tisch,* 102 AD2d 778; *cf., Rodkinson v Haecker,* 248 NY 480; *Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429; *Steingart Assocs. v Sandler,* 28 AD2d 801).

Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible *(see, Bowne of N. Y. v International 800 Telecom Corp.,* 178 AD2d 138; *Camp, Dresser & McKee v City of Niagara Falls,* 142 AD2d 973). In the

present case, although it appears that the plaintiff's assignor, the law firm of Carlucci & Legum, submitted a bill to the defendant at some point, there is no proof in the motion papers as to when this bill was submitted, or for how long it was held before the defendant's objections to it were manifested to the plaintiff, or to Carlucci & Legum. We therefore are in no position to declare, as a matter of law, that the defendant acquiesced to the sum stated in the bill ($3,500).

We note that evidence adduced at a hearing relating to the plaintiff's third, fourth, and fifth causes of action, held on January 22, 1993, is not properly part of the present record on appeal, and therefore, we may not affirm the money judgment appealed from, which relates to the plaintiff's first and second causes of action, on the basis that it is supported by the evidence produced at that hearing.

We leave it to the Supreme Court to determine, upon remittitur, what, if any, effect should be given to the oral decision of Justice Wager made on January 22, 1993, which relates to the plaintiff's third cause of action (quantum meruit), or to any separate judgment that might have been entered thereon. We are not asked to decide, and do not decide, what preclusive effect any such judgment might have, or whether such preclusive effect should obviate the need for the trial of the plaintiff's first and second causes of action which would otherwise be necessary in light of our reversal of the order and judgment appealed from. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.