■ Marcus Borg Rosenberg & Diamond, Plaintiff, v Gilbert, Segall and Young, L. L. P., Defendant and Third-Party

Plaintiff-Appellant. OMABUILD CORPORATION, Third-Party Defendant-Respondent. [670 NYS2d 73] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 27, 1997, which, in a third-party action to recover attorneys' fees, insofar as appealed from, denied third-party plaintiff law firm's motion for summary judgment on its fourth cause of action for an account stated and for summary judgment dismissing third-party defendant client's first and third counterclaims for legal malpractice and breach of contract, respectively, unanimously modified, on the law, to dismiss the third counterclaim for breach of contract, and otherwise affirmed, without costs.

Concerning the malpractice counterclaim, the underlying holdover proceeding commenced by the law firm was dismissed twice, once for improper service and a second time for failure to submit a copy of the lease at trial, resulting in a delay of over a year, from November 1991 to December 1992, during which time no use and occupancy was awarded, and thereafter use and occupancy for that period was not sought until the conclusion of the case more than two years later, in July-August 1994. While the record indicates that the law firm was diligent in obtaining pendente lite orders for use and occupancy for most of the period after December 1992, only about $88,000 of the potential $450,000 was actually paid, and the law firm apparently did not make any attempt to enforce the payment orders until February 1994, well after the date the first proceeding was filed in October 1991. In addition, there is evidence that the law firm did not attempt to search for assets until July 1992, never attempted to levy on a $100,000 bond that had been posted by the tenant upon court order, and never attempted to attach the tenant's revenues even though it appears that the tenant was operating its business during a good portion of the underlying proceedings. The foregoing raises issues of fact as to whether the law firm's handling of the litigation was negligent, and, if so, whether such negligence diminished the amount the client would otherwise have been able to recover (*see, Nembach v Giaimo & Vreeburg*, 209 AD2d 222; *Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg*, 199 AD2d 45). Concerning the breach of contract counterclaim, it should be dismissed as duplicative of the malpractice counterclaim, the client conceding that there is no evidence of any promise by the law firm to obtain a specific result (*see, Senise v Mackasek*, 227 AD2d 184). Concerning the cause of action for account stated, the affidavit of the client's vice president setting forth the substance of his objections to the law firm's bills, when made, and to whom, was sufficient to withstand the law firm's summary judgment motion (*see, Diamond & Golomb v*

*D'Arc*, 140 AD2d 183), particularly since the law firm does not dispute that there were complaints about its representation and does not assert an account stated as to many of the invoices. Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.