■ REID & PRIEST L. L. P., Appellant-Respondent, v REALTY ASSET GROUP, LTD., et al., Respondents-Appellants. [673 NYS2d 81] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered May 6, 1997, which denied plaintiff's motion for summary judgment on its cause of action for an account stated and denied defendants' cross motion for sanctions, unanimously affirmed, without costs.

While a review of the record indicates that the corporate defendant made partial payments of plaintiff law firm's invoices (*see, Boulanger, Hicks, Stein & Churchill v Jacobs*, 235 AD2d 353; *Ellenbogen & Goldstein v Brandes*, 226 AD2d 237, *lv denied* 89 NY2d 806; *Liddle, O'Connor, Finklestein & Robinson v Koppelman*, 215 AD2d 204), such payments are not dispositive with respect to plaintiff's request for summary relief on an account stated theory since the precise amount due is not thereby established.

Although the April 1995 letter from the corporate defendant's controller mentions an "adjusted balance due" and a "courtesy allowance" discount and in light thereof acknowledges an amount owing equivalent to the sum demanded in plaintiff's account stated cause of action, and although, contrary to defendants' contention, this acknowledgment of fact is admissible even though made in connection with settlement negotiations (*see, Central Petroleum Corp. v Kyriakoudes*, 121 AD2d 165, *lv dismissed* 68 NY2d 807; *Matter of Pace Univ. v New York City Commn. on Human Rights*, 200 AD2d 173, 185), since it was not made "without prejudice" (*Crow-Crimmins-Wolf & Munier v County of Westchester*, 126 AD2d 696, 697), the claimed existence of the discount raises an issue of fact as to the amount due.

We perceive no improvident exercise of discretion in the denial of sanctions with respect to plaintiff's conduct during disclosure proceedings. Concur—Milonas, J. P., Williams, Tom, Andrias and Saxe, JJ.