The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
This is in response to your request for an opinion concerning the payment of White County's attorneys fees in defending the taxpayer action which resulted in the decision in Daniel v. Jones, 332 Ark. 489, 966 S.W.2d 226
(1998). You have enclosed a number of documents with your request, one of which is White County Ordinance 98-35,[1] which provides that the County's attorneys fees and expenses are to be charged or "pro-rated" against each account or fund which receives a distribution of the sales tax proceeds. Your question is whether the legal fees incurred in defending the County can legally or constitutionally be paid or deducted from the sales tax collections in this manner.
In my opinion the answer to your question is "no."
Some background information will be helpful in answering your question. The litigation at issue was instigated by a taxpayer under the provisions of Arkansas Constitution, art. 16, § 13 (the "illegal exaction" provision) challenging a one-cent sales tax levied by White County and adopted by the voters thereof. The claim was that neither the levying ordinance nor the ballot title reflected that the cities within White County, pursuant to the state statutory scheme, were to receive percapita shares of the taxes collected. See Arkansas Constitution, art. 16, § 11 (no tax levied for one purpose shall be used for any other purpose); and A.C.A. § 26-74-308(c) (if particular sales tax uses are designated in the ballot title, the proceeds shall only be used for the designated purposes). The White County ordinance and ballot title allocated the proceeds of the tax for: "50% for County Road, 25% for County General, 5% for Volunteer Fire Departments, 10% for Capital Improvements, 10% for Non-Mandated Services (includes Extension Office, Program for Aging, County Library and Veterans Office)." After an adverse ruling in the chancery court below, the taxpayers appealed to the Arkansas Supreme Court and won a reversal and a declaration that the tax was an "illegal exaction." The Arkansas Supreme Court remanded the case "for further proceedings consistent with this opinion." 332 Ark. at 502.
White County Ordinance 98-35 reflects that on June 23, 1998 (after the Supreme Court's decision in April 1998), "the voters of White County repealed the Tax and levied a new one percent sales and use tax in its place and ratified the past distribution of the proceeds of the tax." The County Ordinance in question now seeks to charge and allocate the attorneys fees incurred on behalf of the County proportionally to each of the accounts which receive a distribution of sales tax dollars. It is my understanding that the Chancery Court awarded the taxpayers attorneys fees under A.C.A. § 26-35-902. It is also my understanding, however, that no order was entered respecting an award of attorneys fees incurred by White County.[2]
The provision of White County Ordinance 98-35 which purports to charge the various funds receiving the sales tax dollars with the payment of attorneys fees, would, in my opinion, be held to violate both Arkansas Constitution, art. 16 § 11, and A.C.A. § 26-74-308, the same provisions relied upon by the Supreme Court in Daniels v. Jones, supra in striking down the original tax. Taxes dedicated to one purpose cannot be used for another. Bell v. Crawford County, 287 Ark. 251, 697 S.W.2d 910, cert.denied 475 U.S. 1120 (1985). See also, Oldner v. Villines, 328 Ark. Ark. 296, 943 S.W.2d 574 (1997).[3] To my knowledge, neither the original or subsequent levy ordinances nor ballot titles listed attorneys' fees as being an authorized expenditure from the tax proceeds. Of course, the amounts allocated to "County General" can presumably be used for any appropriate county purpose.
In some cases a chancery court order is effective to allocate attorneys fees from funds under the jurisdiction of the court. Powell v. Henry,267 Ark. 484, 592 S.W.2d 107 (1980). Again, however, I am aware of no such court order in this case, and parties to a lawsuit do not have the authority to assess fees against a common fund even by agreement, unless a court order authorizes it. See generally, Democratic Central Committeeof D.C. v. WMATC, 38 F.3d 603 (D.C. Cir. 1994). In any event, it does not appear that this avenue is applicable to the facts surrounding the fees incurred on behalf of the County. See, e.g., City of Fort Smith v. S.W.Bell Telephone Co., 220 Ark. 70, 247 S.W.2d 474 (1952) and Proskauer RoseGoetz Mendelsohn v. National Westminster Bank U.S.A., 179 A.D.2d 611,579 N.Y.S.2d 361 (1992).
White County is free to provide for the payment of its attorneys fees in any manner it sees fit, and to provide for an equitable distribution of that burden, so long as compliance is had with applicable laws. It may not, however, in so doing, allocate taxes levied and dedicated for particular purposes to other purposes.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This ordinance is referred to as a "proposed ordinance" in the correspondence attached with your request, but it is my understanding that it may now have been adopted by the White County Quorum Court.
[2] I am unaware of whether the Chancery Court still retains jurisdiction of the case, or whether its final action has been taken therein.
[3] But cf. Magnolia School District No. 14 v. Arkansas State Board ofEducation, 303 Ark. 666, 799 S.W.2d 791 (1990) (payment of court-ordered attorneys fees for desegregation not an unlawful diversion of school funds under art. 14, § 2).