◼ YANNELLI, ZEVIN & CIVARDI, Respondent, v ERICA SAKOL, Appellant. [749 NYS2d 270] —In an action, inter alia, to recover payment for legal services rendered based on an account stated, the defendant appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered April 12, 2002, which, upon so much of an order of the same court, dated March 18, 2002, in effect, searching the record and awarding summary judgment to the plaintiff on the second cause of action based on an account stated, is in favor of the plaintiff and against her in the principal sum of $16,225.

Ordered that the judgment is reversed, on the law, with costs, so much of the order as, in effect, searched the record and granted summary judgment to the plaintiff on the second cause of action is vacated and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

In the spring of 1996, the defendant and her then-boyfriend Edward Nieves retained the plaintiff law firm to represent them in connection with their respective pending academic disciplinary proceedings. There was no written retainer agreement, and the parties' conflicting assertions render it impossible to determine as a matter of law the terms of their oral retainer agreement.

The plaintiff failed to establish its entitlement to summary judgment on the second cause of action based on an account stated, either in the amount of $16,225, or in the amount of $10,550. " '[A]n account stated is an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance' * * * while the mere silence and failure to object to an account stated cannot be construed as an agreement to the correctness of the account, the factual situation attending the particular transactions may be such that, in the absence of an objection made within a reasonable time, an implied account stated may be found" (*Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 153-154, quoting *Volkening v DeGraaf,* 81 NY 268, 270; *see also Corr v Hoffman,* 256 NY 254, 266; *Legum v Ruthen,* 211 AD2d 701; *Bernstein v Tisch,* 102 AD2d 778). "Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible" (*Legum v Ruthen, supra* at 703, citing *Bowne of City of N.Y. v International 800 Telecom Corp.,* 178 AD2d 138; *see Camp, Dresser & McKee v City of Niagara Falls,* 142 AD2d 973).

In this case, "the factual situation attending the particular transactions" does not unequivocally support an inference of the defendant's assent to the correctness of the bill. At the very least, more than one inference is "rationally possible." The final version of the bill, which reflects a $2,000 increase in the balance due for an "ERROR RE: PAYMENT," was "vague and cursory" (*Goodman, Rakower & Agiato v Lieberman,* 226 AD2d 343, 344, citing *Diamond & Golomb v D'Arc,* 140 AD2d 183; *Breed, Abbott & Morgan v Aberdeen Petroleum Corp.,* 46 AD2d

618). There is no proof as to when this bill was first sent to, or received by, the defendant. Assuming that the defendant's proof of her allegedly numerous oral complaints is too vague to be afforded evidentiary value (*see generally Darby & Darby v VSI Intl.,* 95 NY2d 308; *Greenspan & Greenspan v Wenger,* 294 AD2d 539; *cf. Jaffe & Asher v Cushing,* 289 AD2d 17; *Marcus Borg Rosenberg & Diamond v Gilbert, Segall & Young,* 248 AD2d 279; *Collier, Cohen, Crystal & Bock v MacNamara,* 237 AD2d 152), there is proof that the defendant also complained, in writing, of the failure to apportion the bill between her and Nieves. The defendant also provided a plausible explanation for the conciliatory tone of certain letters, and for her reluctance to be more direct in expressing her objections. Under all the circumstances presented in this case, we find that there are triable issues of fact with respect to the second cause of action based upon an account stated (*see generally Herrick, Feinstein v Stamm,* 297 AD2d 477; *Jaffe & Asher v Cushing, supra; Epstein v Turecamo,* 258 AD2d 502; *Reid & Priest v Realty Asset Group,* 250 AD2d 380; *Legum v Ruthen, supra*).

The defendant's remaining contention is without merit. Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.