■ Edge Management Corp., Respondent, v Crossborder Exchange Corp., Appellant. [758 NYS2d 305] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered May 2, 2002, which, in an action for breach of contract and upon an account stated, granted plaintiff's motion for summary judgment and awarded it the principal amount of $37,500, unanimously affirmed, with costs.

In support of its motion for summary judgment, plaintiff adduced evidence that, pursuant to a telephone conversation and written correspondence, defendant undertook to pay plaintiff an easily quantifiable amount for plaintiff's referral of a candidate for employment, which amount became payable in full if the candidate remained in defendant's employ for 90 days. Plaintiff's evidence further demonstrated that immediately subsequent to the 90th day of the candidate's

employment, he was dismissed by defendant. The same day, defendant advised plaintiff of the dismissal and of its refusal to pay the invoice issued by plaintiff three months before and retained by defendant during that time without objection, notwithstanding its obligation under the agreement proved by plaintiff to pay the invoice within 30 days if it wished to have its obligation to plaintiff prorated in the event of the candidate's dismissal within 90 days of his hiring.

Although defendant argues that there was no "meeting of the minds" and that its administrator lacked authority to enter into the agreement on its behalf, the record discloses that plaintiff sustained its burden to prove the enforceability of the alleged oral agreement (*cf. Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105 [1981]; *Marlio v McLaughlin*, 288 AD2d 97 [2001], *lv denied* 98 NY2d 607 [2002]). Defendant did not carry its resulting burden by submitting admissible proof adequate to raise a triable issue as to whether the agreement was sufficiently definite or as to whether defendant's adminis-trator had authority to enter into the agreement (*see Columbia Pictures Indus. v Stein for Senator Comm.*, 77 AD2d 836 [1980]). Concur—Andrias, J.P., Saxe, Lerner, Friedman and Marlow, JJ.