■ ARROW EMPLOYMENT AGENCY, INC., Appellant, v DAVID ROSEN BAKERY SUPPLIES, Respondent. [769 NYS2d 732]—

In an action, inter alia, to recover for an account stated, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), entered August 2, 2002, as denied that branch of its motion which was for summary judgment on its cause of action based on an account stated in the sum of $10,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff bases its cause of action for an account stated asserting that an invoice dated August 6, 2001, was sent to, and received by, the defendant at some later point. The plaintiff's "collections manager" stated that, on October 4, 2001, about eight weeks following the date of the invoice, a representative of the defendant expressed a preference for making payments by installment, rather than in a lump sum as requested in the invoice. The present action was commenced on October 18, 2001, approximately 10 weeks after the drafting of the invoice.

On appeal, the plaintiff claims the right to summary judgment in the sum of $10,000, rather than in the sum of $29,250 as requested in the plaintiff's complaint, and in its motion for summary judgment before the Supreme Court. This "unexplained, voluntary reduction of the amounts allegedly owed raise[s] a question as to whether there had been a dispute over the amounts originally claimed in the invoices" (*Santora & McKay v Mazzella,* 182 AD2d 572, 572-573 [1992]; *see Reid & Priest v Realty Asset Group,* 250 AD2d 380 [1998]; *Sisters of Charity Hosp. of Buffalo v Riley,* 231 AD2d 272, 282-283 [1997]). Moreover, even if, on appeal, the plaintiff had continued to demand summary judgment in the sum of $29,250, such relief would not be warranted under the circumstances presented.

"Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible." (*Yannelli, Zevin & Civardi v Sakol,* 298 AD2d 579, 580 [2002], quoting *Legum v*

*Ruthen,* 211 AD2d 701, 703 [1995], citing *Bowne of N.Y. v International 800 Telecom Corp.,* 178 AD2d 138 [1991]; *see also Osborne v Murray,* 240 AD2d 261 [1997]; *Camp, Dresser & McKee v City of Niagara Falls,* 142 AD2d 973 [1988]). Under the circumstances presented in this record, the evidence submitted by the plaintiff was insufficient to establish a prima facie right to summary judgment on its cause of action based on account stated (*see Herrick, Feinstein v Stamm,* 297 AD2d 477 [2002]; *Camp, Dresser & McKee v City of Niagara Falls, supra; cf. Edge Mgt. Corp. v Crossborder Exch. Corp.,* 304 AD2d 422 [2003]).

Under these circumstances, we need not address whether the defendant's submissions in opposition would have been sufficient to raise a triable issue of fact (*cf. Darby & Darby v VSI Intl.,* 95 NY2d 308 [2000]; *Greenspan & Greenspan v Wenger,* 294 AD2d 539 [2002]; *Shea & Gould v Burr,* 194 AD2d 369, 371 [1993]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.