■ JONATHAN ARBATOSKY, Respondent, v JASON R. HERMAN et al., Defendants, CONNECTICUT GENERAL LIFE INSURANCE Co. et al., Respondents, and SEARS, ROEBUCK AND Co., Appellant. [814 NYS2d 451]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 24, 2005. The order denied the motion of defendant Sears, Roebuck and Co. for summary judgment and granted the cross motion of defendants Connecticut General Life Insurance Co. and General Growth Management, Inc. for summary judgment dismissing the amended complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle in which he was a passenger struck an unlit light pole in the Summit Park Mall (Mall) parking lot. The vehicle was owned by defendant Robert E. Herman and operated by defendant Jason R. Herman, and the accident occurred in an area of the parking lot owned by defendant Sears, Roebuck and Co. (Sears) approximately one hour after the Mall and the Sears store had closed. Plaintiff alleges, inter alia, that defendants Connecticut General Life Insurance Co. and General Growth Management, Inc. (collectively, CG defendants) and Sears were responsible for maintaining the parking areas around the Mall and that they were negligent in their maintenance and operation of those areas.

Sears moved for summary judgment seeking "contractual defense and indemnification" from the CG defendants with respect to the issue of the negligent maintenance of the parking lot and dismissal of the amended complaint against it "with respect to any causes of action for the negligent design of the parking lot." The CG defendants cross-moved for summary judgment dismissing the amended complaint and cross claims against them. Sears appeals from the order denying its motion and granting the cross motion of the CG defendants.

Contrary to the contention of Sears, it failed to meet its initial burden of establishing its entitlement to contractual defense and indemnification because it failed to submit any portion of a contract requiring the CG defendants to defend or indemnify it. Contrary to the further contention of Sears, it failed to establish its entitlement to summary judgment dismissing the amended complaint against it with respect to any causes of ac-

tion for the negligent design of the parking lot. The only evidence submitted by Sears in support of that part of its motion consisted of documents establishing that it complied with various building codes. According to Sears, those documents established that it had a "substantial history of complying with all relevant building codes and ordinances." That evidence, however, is insufficient to establish as a matter of law that the parking lot was not negligently designed or that it had no liability for that negligent design.

Finally, we do not address the contention of Sears that Herman's conduct was a superseding, intervening cause of the accident because Sears did not rely on that theory in support of its motion (*see Dinneny v Allstate Ins. Co.*, 295 AD2d 797, 799 [2002]; *Gruber v Latello*, 207 AD2d 1033 [1994]). Present— Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.