■ CFI CONSTRUCTION, INC., Appellant, v CENTRAL SQUARE CENTRAL SCHOOL DISTRICT, Respondent. (Appeal No. 1.) [824 NYS2d 843]—

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered September 20, 2005. The order granted that part of defendant's motion for partial summary judgment dismissing the second and third causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter

alia, that defendant breached its contract with plaintiff pursuant to which plaintiff agreed to perform construction work for defendant. With respect to plaintiff's appeal from the order in appeal No. 1, we conclude that Supreme Court properly granted that part of defendant's motion for partial summary judgment dismissing the second and third causes of action. The court properly granted that part of the motion with respect to the second cause of action on the ground that it is precluded by the provision in the contract foreclosing recovery of damages arising from delay, in the absence of "willful conduct, willful intent, or recklessness or gross misrepresentation on the part of [defendant]" (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]). We note, however, that the court erred in determining that the second cause of action should be dismissed on the additional ground that plaintiff failed to file a timely notice of claim under Education Law § 3813 (1). The record establishes that the notice of claim was timely filed within three months of the date on which plaintiff's damages were ascertainable (*see Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. [Wager Constr. Corp.]*, 37 NY2d 283, 290 [1975]; *H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 968-969 [2001]). The court properly granted that part of defendant's motion with respect to the third cause of action, seeking recovery under a theory of quantum meruit, because such recovery is barred by the existence of a valid and enforceable contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

We further conclude with respect to defendant's appeal from the order in appeal No. 2 that the court properly denied that part of defendant's motion for summary judgment dismissing the first cause of action, seeking the balance allegedly owed by defendant under the contract. Education Law § 1724 (1) provides in relevant part that no claim against a central school district shall be paid unless an itemized voucher shall have been presented to the board of education of the district. Education Law § 1724 (2) provides that, in considering a claim for damages, "[t]he board of education . . . may require any person presenting the same to be sworn before it or before any member thereof and to give testimony relative to the justness and accuracy of such claim . . . ." Defendant contends that plaintiff failed to respond to its demand to appear for testimony pursuant to that section and thus that it is entitled to summary judgment dismissing the first cause of action. Contrary to defendant's contention, plaintiff's participation in such an examination is not a condition precedent to litigation of the first cause of action. Present—Scudder, J.P., Kehoe, Martoche and Green, JJ.