■■■ NORTH CENTRAL MECHANICAL, INC., on Behalf of Itself and Others Similarly Situated, Respondent-Appellant, v HUNT CONSTRUCTION GROUP, INC., Appellant-Respondent, et al., Defendant. (Appeal No. 2.) [843 NYS2d 894]—

Appeal and cross appeal from a judgment of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered October 6, 2006 in a breach of contract action. The judgment, upon an order and judgment granting partial summary judgment to plaintiff, awarded plaintiff the amount of $746,904.40 against defendant Hunt Construction Group, Inc.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion in its entirety and awarding plaintiff retainage in the amount of $457,684 and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff, a mechanical and plumbing subcontractor on a construction project at the Turning Stone Casino & Resort, commenced this action on its own behalf and on behalf of others similarly situated seeking, inter alia, damages result-

ing from the alleged breach by defendant Hunt Construction Group, Inc. (Hunt), the general contractor, of its subcontract agreement with plaintiff. Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment on the breach of contract cause of action against Hunt. Plaintiff met its burden of establishing that Hunt approved its performance of work under the subcontract agreement for an agreed upon price of $18,307,357 and that Hunt has paid only $17,192,322 for that work. Hunt's submissions in opposition to the motion are insufficient to raise triable issues of fact whether any sums withheld by the owner for defective work are attributable to plaintiff or whether plaintiff is entitled to the full amount of the "allowances" provided for in the change orders under the subcontract agreement and included within the approved payment applications. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat plaintiff's motion (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court properly construed the pay-when-paid clause in the subcontract agreement as regulating the time of payment rather than as shifting the risk of owner nonpayment to plaintiff (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 158 [1995]; *see also Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.*, 49 AD2d 60, 64-66 [1975], *affd* 40 NY2d 883 [1976]).

With respect to plaintiff's cross appeal, we note that the order and judgment from which the cross appeal was taken was subsumed in the subsequent judgment in appeal No. 2. Nevertheless, we exercise our discretion to treat plaintiff's notice of cross appeal as valid, and we deem the cross appeal as taken from the judgment in appeal No. 2 (*see Kimmel v State of New York*, 38 AD3d 1155 [2007]). We agree with plaintiff on its cross appeal that the court erred in denying that part of plaintiff's motion for partial summary judgment seeking $457,684, the amount held in retainage, and that the court thus should have granted plaintiff's cross motion in its entirety. Plaintiff established its entitlement to final payment of the amount due under the subcontract agreement, and Hunt failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman*, 49 NY2d at 562). We therefore modify the judgment accordingly.

Finally, we conclude that the court properly denied that part of defendants' cross motion for summary judgment dismissing plaintiff's claim for extra work not encompassed by change orders under the subcontract agreement. The evidence submitted by both parties raises triable issues of fact with respect to

plaintiff's entitlement to payment for that work (*see generally id.*). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.