■ PHILIP SHELLY, Appellant, v ALLEN SKIEF, Respondent. [900 NYS2d 689]—

In an action to recover fees for legal services rendered, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 14, 2009, as denied that branch of his motion which was for summary judgment on his first cause of action for an account stated in the sum of $38,000.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"An account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat a statement of debt as an account stated" (*Simplex Grinnell v Ultimate Realty, LLC*, 38 AD3d 600, 600 [2007]). Whether the assent of the recipient of a bill for legal services may be implied from all the circumstances presented is ordinarily a question of fact (*see Arrow Empl. Agency v David Rosen Bakery Supplies*, 2 AD3d 762, 762-763 [2003]; *Yannelli, Zevin & Civardi v Sakol*, 298 AD2d 579, 580 [2002]; *Legum v Ruthen*, 211 AD2d 701, 703 [1995]). Here, the evidence submitted by the plaintiff raises a triable issue of fact as to whether the defendant assented to the plaintiff's bill for legal services (*see Arrow Empl. Agency v David Rosen Bakery Supplies*, 2 AD3d at 762-763; *Yannelli, Zevin*

& *Civardi v Sakol*, 298 AD2d at 580; *Herrick, Feinstein v Stamm*, 297 AD2d 477 [2002]). Accordingly, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit.

Therefore, the Supreme Court correctly denied that branch of the plaintiff's motion which was for summary judgment on his first cause of action for an account stated. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.