# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1427**
**CA 11-01260**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

LEO J. ROTH CORPORATION, PLAINTIFF-RESPONDENT,

                 V                        MEMORANDUM AND ORDER

TRADEMARK DEVELOPMENT CO., INC., LEGACY AT ERIE
STATION LLC, U.S. HOMES CO., INC., LEGACY AT
FAIRWAYS LLC, AND MARK IV CONSTRUCTION CO., INC.,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

GATES & ADAMS, P.C., ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

HARRIS BEACH PLLC, PITTSFORD (DAVID J. EDWARDS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Kenneth R. Fisher, J.), entered December 1, 2010 in a breach of
contract action. The judgment, among other things, awarded plaintiff
the sum of $464,523.36 against defendants.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying in their entirety those
parts of plaintiff's motion seeking summary judgment on the first
through third and fifth through eighth causes of action, and by
denying those parts of plaintiff's motion seeking dismissal of the
first affirmative defense and counterclaim and reinstating that
affirmative defense and counterclaim, and as modified the judgment is
affirmed without costs.

Memorandum: Plaintiff, a heating, ventilation and air
conditioning (HVAC) subcontractor, commenced this action seeking
damages resulting from defendants' alleged failure to pay plaintiff in
full for its work on two construction projects, i.e., Legacy at Erie
Station (Erie Station project) and Legacy at Fairways (Fairways
project). Defendant Trademark Development Co., Inc. (Trademark) was
the general contractor and defendant Legacy at Erie Station, LLC was
the owner of the Erie Station project, and defendant U.S. Homes Co.,
Inc. (U.S. Homes) was the general contractor and defendant Legacy at
Fairways, LLC was the owner of the Fairways project. Defendant Mark
IV Construction Co., Inc. (Mark IV) is the assignee of both HVAC
subcontracts awarded to plaintiff by the general contractors.

Supreme Court erred in granting, with the exception of the claim

for compensation for extra work, that part of plaintiff's motion seeking summary judgment on the first cause of action alleging breach of the subcontract with Trademark, and in granting those parts of the motion seeking dismissal of the first affirmative defense and counterclaim alleging plaintiff's breach of that subcontract.  We therefore modify the judgment accordingly.  The subcontract provides, inter alia, for plaintiff's work to be performed in accordance with the plans and specifications prepared by the Erie Station project's engineering firm and the standards and guidelines for the New York State Energy Research and Development Authority (NYSERDA) incentive certification obtained by Trademark.  In support of its motion, however, plaintiff failed to submit the engineering plans and specifications or the NYSERDA certification, and thus failed to establish its compliance therewith (*see generally Mentesana v Bernard Janowitz Constr. Corp.*, 36 AD3d 769, 771; *Arbatosky v Herman*, 28 AD3d 1241, 1242).  In particular, by failing to submit those documents plaintiff failed to establish that the heat pumps it installed at Erie Station complied with the pertinent requirements set forth in the subcontract at the time it was executed.

We reach a different conclusion with respect to the fourth cause of action, alleging breach of the subcontract between plaintiff and U.S. Homes for the Fairways project.  The court properly granted those parts of plaintiff's motion seeking summary judgment on that cause of action and seeking dismissal of the second affirmative defense and counterclaim, alleging plaintiff's breach of that subcontract. Plaintiff met its initial burden on those parts of the motion by establishing the relevant terms of that subcontract, plaintiff's performance thereof and the failure of U.S. Homes to pay the full amount due under that subcontract (*see North Cent. Mech., Inc. v Hunt Constr. Group*, *Inc.*, 43 AD3d 1396, 1397, *lv dismissed* 9 NY3d 1029). In opposition, defendants failed to raise a triable issue of fact with respect to the fourth cause of action or the merits of the second affirmative defense and counterclaim (*see generally Pando v Tapia*, 79 AD3d 993, 995; *NYCTL 1998-2 Trustee v 2388 Nostrand Corp.*, 69 AD3d 594, 595).

The court erred, however, in granting those parts of plaintiff's motion seeking summary judgment on the remaining causes of action, and we therefore further modify the judgment accordingly.  The second, third, fifth and sixth causes of action, seeking recovery under the theories of unjust enrichment or quantum meruit, are duplicative of the breach of contract causes of action, and thus recovery under those theories is barred by the existence of the valid and enforceable subcontracts (*see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572; *Clark-Fitzpatrick v Long Is. R.R. Co.*, 70 NY2d 382, 388-389; *CFI Constr., Inc. v Central Sq. Cent. School Dist.*, 34 AD3d 1354, 1355). The court also erred in granting in its entirety that part of plaintiff's motion seeking summary judgment on the seventh cause of action and granting, with the exception of the claim for compensation for extra work, that part of plaintiff's motion seeking summary judgment on the eighth cause of action.  We thus additionally modify the judgment accordingly.  Plaintiff failed to meet its burden with respect to those causes of action, which are each for an account

stated. "Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible" (*Legum v Ruthen*, 211 AD2d 701, 703). We conclude, in light of all the circumstances presented, that more than one inference is rationally possible on the issue whether an account stated may be found based upon the retention of plaintiff's invoices, thus precluding summary judgment on that issue (*see Yannelli, Zevin & Civardi v Sakol*, 298 AD2d 579, 580-581).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court